**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ROBERTO LARREINAGA CHAVEZ,

Petitioner,

v.

JEREMY CASEY, *et al.*,

Respondents.

Case No. 26-cv-03656-BAS-BJW

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 8)**

Petitioner Roberto Larreinaga Chavez filed an Amended Habeas Petition pursuant to 28 U.S.C. § 2241, claiming he was improperly detained without bond. (Am. Pet., ECF No. 8.) The Government filed a Return stating that, although it believes Petitioner is subject to mandatory detention, based on the Court's past decisions, it "does not oppose the petition" and defers to the Court as to the appropriate relief. (ECF No. 11.) For the reasons stated below, the Court **GRANTS** the Amended Petition and orders that Petitioner be released on the same terms and conditions as he was previously released.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner, a citizen of Honduras, entered the United States around October 15, 2022, as an unaccompanied minor. (Am. Pet. ¶¶ 1, 20.) Although Petitioner claims he entered the United States without inspection, he then states that as an unaccompanied minor, he was transferred to the Office of Refugee Resettlement where he was released to family in Florida. (*Id.* ¶¶ 2, 20.) He then applied for asylum on July 21, 2023. (*Id.* ¶ 21.) He has been employed as an electrician, has paid taxes, and has remained law-abiding. (*Id.* ¶ 22.)

On April 24, 2025, U.S. Immigration and Customs Enforcement ("ICE") re-detained Petitioner on his way to work without notice or an opportunity to be heard. (Am. Pet. ¶ 23.) Petitioner seeks immediate release or a bond hearing. (*Id.* at p. 13.)

## III. ANALYSIS

Although both Petitioner and the Government seem to believe Petitioner is a member of the *Maldonado* class and thus entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a), that does not appear to be the case. *See Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025) (certifying a class of all noncitizens who entered without inspection and were not apprehended upon arrival). It appears that Petitioner was apprehended upon arrival, was turned over to the Office of Refugee Resettlement, and was then released to a family sponsor while he pursued his asylum claim. (Am. Pet. Ex. 1.)

However, Petitioner's re-detention without notice or an opportunity to be heard and without noticeably changed circumstances violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*,

411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because Petitioner was released pending pursuit of his asylum claim and because there is no evidence that circumstances have changed since then, Petitioner is entitled to remain released on the same conditions as he was initially released. If ICE believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Amended Petition.

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

> The Court **ORDERS** that Petitioner Roberto Larreinaga Chavez (A# 246-021-098) be released on the same terms and conditions as he was ordered released by the Office of Refugee Resettlement in October 2022.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: July 27, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**